# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

SHARITA HART,                                  :

                     Plaintiff,

       -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                  Defendant.       :

Case No. 3:07-cv-416

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Plaintiff's Motion for Attorney Fees and Costs Under to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 15). The parties have fully briefed the issues, (*Id.,* Doc. 19), and the matter is ripe for Report and Recommendations.

Plaintiff has moved, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), for an award of attorney fees in the amount of $4765.04. Counsel represents that this fee is for 27.90 hours of work before this Court at an hourly rate of $170.79.

An award of fees may be made under the EAJA in a social security disability action such as the present case. *Jankovich v. Bowen,* 868 F.2d 867 (6th Cir. 1989). The EAJA provides in relevant part:

> **§ 2412.  Costs and fees**
> ...
> (d)(1)(A)  Except as otherwise specifically provided by statute, a
> court shall award to a prevailing party other than the United States

fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

**(B)** A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses ... .

**(C)**...
**(2)** For the purposes of this subsection–
**(A)** "fees and other expenses" includes ... reasonable attorney fees ....

28 U.S.C. §2412.

Thus, in addition to filing a timely application, there are three conditions that must be met in order to recover fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *Willis v. Sullivan,* 931 F.2d 390, 399 (6th Cir. 1991).

For purposes of the EAJA, the term "final judgment" refers to judgments entered by a court of law and does not encompass decisions rendered by an administrative agency. *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991). With respect to Social Security cases, when the time for seeking appellate review has run, a sentence four judgment fits squarely within the term "final judgment" as used in the EAJA. *Shalala v. Schaefer,* 509 U.S. 292, 298 (1993), *citing, Melkonyan,* 501 U.S. at 102.

Prevailing party status is obtained if the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit sought in bringing suit and obtaining a sentence four judgment reversing the Commissioner's denial of benefits certainly meets this

description. *Schaefer,* 509 U.S. at 302 (citation omitted). In other words, a sentence four remand is a judgment for the plaintiff and a party who wins a sentence four remand order is a prevailing party. *Id.* (citation omitted).

In the context of the EAJA, "substantially justified" has been interpreted as "justified to a degree that could satisfy a reasonable person." *Damron v. Commissioner of Social Security,* 104 F.3d 853, 855 (6th Cir. 1997), *citing, Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The government's position may have been substantially justified even though it was subsequently rejected on judicial review. *See, United States v. Real Property Located at 2323 Charms Rd.,* 946 F.2d 437, 440 (6th Cir. 1991).

The EAJA originally provided that attorney fees be limited to a rate of $75.00 an hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee". 28 U.S.C. §2412(d)(2)(A). On March 29, 1996, Congress increased the rate payable for EAJA fees to $125.00 per hour for civil actions filed after March 29, 1996. The Contract with America Advancement Act of 1996, Pub.L. 104-121, 110 Stat. 852, 853 (Mar. 29, 1996).

The Sixth Circuit has recognized that the EAJA allows for a cost-of-living adjustment. *Begley v. Secretary of Health and Human Services,* 966 F.2d 196, 199 (6th Cir. 1992). In addition, while recognizing that although adjustments in EAJA fees due to increases in the Consumer Price Index are sometimes seen as essentially perfunctory or even mandatory, the Sixth Circuit leaves the matter to the sound discretion of the district court. *Id.* (citations omitted). The 1996 EAJA language continues to provide for such an increase. 28 U.S.C. §2412(d)(2)(A).

The Consumer Price Index (CPI) is the best indicator for computing the increase in

the cost of living. The CPI All Items Index average was 155.7 in March, 1996, when the statutory cap of $125.00 was set. The most recent annual CPI All Items Index average, set in December, 2008, was 215.303. *See*, www.bls.gov/cpi. The common ratio of change, then, is 1.38 (215.303 divided by 155.7 rounded to the nearest hundredth). Applying this cost of living increase to the $125.00 per hour statutory cap results in a current hourly rate of $172.50 ($125.00 x 1.38).

It is appropriate at this point to briefly review the history of this matter.

On November 5, 2007, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision denying her applications for Supplemental Security Income (SSI). (Doc. 2). After the parties briefed the matter, (Doc. 9, 11, 13), on November 5, 2008, I issued a Report and Recommendations recommending that the Commissioner's decision that Plaintiff was not disabled and therefore not entitled to benefits under the Act affirmed. (Doc. 14).

Plaintiff filed Objections to my Report and Recommendations on November 24, 2008. (Doc. 15). On March 30, 2009, District Judge Walter Rice rejected my Report and Recommendations. (Doc. 16). Judge Rice found that Administrative Law Judge Melvin Padilla erred in his evaluation of Dr. Veveris' opinion either by failing to give the opinion controlling weight or, at the very least, significant weight, and by failing to adequately evaluate Dr. Cherry's opinion as well as the opinions of other medical sources. (Doc. 16). Judge Rice determined that a remand for the payment of benefits rather than one for further administrative proceedings was appropriate because all of the essential factual issues had been resolved and the record adequately established Plaintiff's entitlement to benefits. *Id.* The Clerk entered judgment in favor of Plaintiff and against the Commissioner reversing the Commissioner's decision and remanding the matter for

the payment of benefits.  (Doc. 17).

As noted above, Plaintiff seeks an award of $4765.04 in fees.  The Commissioner's only argument in opposition to Plaintiff's Motion is that his position in this litigation was "substantially justified" and therefore Plaintiff is not entitled to an award of fees under the EAJA. (Doc. 19).

Essentially, Dr. Veveris opined that Plaintiff was not capable of performing substantial gainful activity.  (Tr. 382, 356-58).  In giving Dr. Veveris' opinion little weight, Judge Padilla noted that there was not a long-standing treatment relationship between Dr. Veveris and Plaintiff, because Plaintiff's treatment focused on child-rearing and interpersonal relationship issues, and because it was inconsistent with other evidence of record.  Indeed, Plaintiff saw Dr. Veveris on ony ten occasions between 1998, and 2004.  (Tr. Tr. 359-65; 382-89; 393-98), and his office notes reveal that Plaintiff's sessions with him focused on the stress Plaintiff perceived she was under caring for her young children on her own with little help from others as well as on her interpersonal relationships.   (Tr. 383, 385, 397-89).   Additionally, Dr. Veveris' opinion appeared to be inconsistent with examining psychologist Dr. Flexman's findings that Plaintiff's MMPI was of questionable validity, that she was malingering, and that she was, at worst, moderately restricted.  Moreover, the record reveals that Plaintiff engages in a wide variety of activities including caring for her several children, driving, shopping, cooking, performing household chores, doing laundry, gardening, going to carnivals, playing cards and games, attending her children's activities, dating, and attending church.  Finally, a medical advisor (MA) testified at the hearing that her review of the record indicated that there were numerous inconsistencies as to Plaintiff's complaints to various care providers, that Plaintiff had not always been compliant with treatment, and that, at worst, Plaintiff

should be limited from interaction with others and should work independently. Judge Padilla rejected other evidence of record, including examining psychologist Dr. Stoeckel's and counselor Ms. Peterson's opinions, on essentially the same bases that he rejected Dr. Veveris' opinion. *See, supra.* In addition, the record reveals that Plaintiff saw Dr. Cherry on one occasion when she self-referred for a psychological evaluation . (Tr. 257, 504), that Plaintiff was less than honest with Dr. Stoeckel as to how often she sought counseling, *see,* Tr. 674, 681-86, and that Plaintiff regularly cancelled appointments.

This Court concludes that under these facts, while the Commissioner's decision was ultimately reversed, he had a reasonable basis for arguing that Plaintiff was not disabled and therefore his position in this litigation was substantially justified for purposes of the EAJA.

It is therefore recommended that Plaintiff's Motion for Attorney Fees and Costs Under Equal Access to Justice Act, 28 U.S.C. Section 2412(d), (Doc. 18), be denied.

July 28, 2009.

s/ Michael R. Merz
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).